Andres Diaz (A4309)
Timothy J. Larsen (A10263)
**DIAZ & LARSEN**
757 East South Temple, Suite 201
Salt Lake City, UT 84102
Telephone: (801) 596-1661
Fax: (801) 359-6803
Email: courtmail@adexpresslaw.com
  *Attorneys for the Debtor in Possession*

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| In Re: GLAUKOM, LLC<br>    6344 South 900 East<br>    Salt Lake City, UT 84121<br><br><br><br>Debtor in Possession. | Bankruptcy No. 21-24757<br>Chapter 11 (Subchapter V)<br><br>Trustee: Brian M. Rothschild<br><br>FILED ELECTRONICALLY<br><br>Chief Judge Joel T. Marker |

MOTION OF THE DEBTOR PURSUANT TO 11 U.S.C. §363 FOR
AUTHORIZATION TO SELL PROPERTY OF THE ESTATE

Pursuant to 11 U.S.C. § 363, Glaukom, LLC, the debtor and debtor-in-possession (the "Debtor"), by and through its attorneys of record, hereby moves this Court for an order authorizing the sale of the bankruptcy estate's interest in certain estate property as more particularly set forth in the Asset Purchase Agreement dated April 20, 2022, between the Debtor and the Clear Vision Institute (the "CVI-APA"), attached hereto and incorporated herein by reference as Exhibit "A" and between the Debtor and Gregory Christiansen's ("Christiansen's") ex-wife, Kathryn Christiansen (the "KC-APA") attached hereto and incorporated herein by reference as Exhibit "B".  In support of this Motion, the Debtor respectfully represents as follows:

1

## JURISDICTION AND VENUE

1. This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§1157 and 1334.  This is a core proceeding pursuant to 28 U.S.C. §157(b).  Venue is proper before this Court pursuant to 28 U.S.C. §§1408 and 1409. The statutory predicate for the relief requested in the Motion is 11 U.S.C. §363(b) and (c).

## BACKGROUND

2. On November 5, 2021, (the "Petition Date"), the Debtor commenced a voluntary case under Subchapter V of Chapter 11 of the Bankruptcy Code.

3. The Debtor is a limited liability company organized under the laws of the State of Utah and continues to operate its business and manage its affairs as a debtor in possession pursuant to 11 U.S.C. §§1107, 1108 and 1182.

4. The Debtor, through its medical staff, performs eye surgeries and related services to numerous patients.

5. During the last two weeks in January, the Debtor's principal, Christiansen, had discussions with a potential out-of-state employer regarding alternative employment.  Those discussions eventually led to Christiansen receiving a proposed employment contract on Sunday, January 30, 2022.  Under the proposed contract, Christiansen would move to Iowa and start his new employment on or before June 6, 2022.

6. Christiansen accepted the new employment.  To do so, however, Christiansen needed to sell the Debtor's ongoing business or otherwise liquidate the Debtor's assets.

7. The Debtor has been diligently marketing the Debtor's assets and negotiating with various interested parties for the sale of the Debtor's ongoing business and its assets.

8. As a result of those efforts, the Debtor has recently received the attached CVI-APA from Clear Vision Institute ("CVI"), one of the parties with which the Debtor has been negotiating, offering to purchase certain items of equipment for the sum of $50,000.00[1].

9. As a result of those efforts, the Debtor has also received the KC-APA from Christiansen's ex-wife, Kathryn Christiansen ("KC"), one of the parties with which the Debtor has also been negotiating, offering to purchase certain items of furniture for the sum of $13,032.00[2].

10. These offers by the CVI and KC (collectively referred to as the "Buyers") are fair and equitable offers according to Debtor's assessment of values of the equipment and furnishings being sold and the current market conditions.

11. The proposed sales are arm's length transactions with the Buyers. The Debtor has made no promises or agreements with the Buyers to entice the Buyers to make these offers other than as disclosed in this Motion; and, the Buyers have not agreed to do anything other than as disclosed in the APA.

## SALE TERMS

12. The Debtor intends to sell its interest in the furnishings and equipment, free and clear of all liens and interests, with no warranties or guarantees except as set forth in

---

[1] The equipment being sold to CVI is specifically listed in the CVI-APA; no other equipment or furnishings are included in that proposed sale. The Debtor has obtained a Tangible Asset Valuation dated December 2021 in which the then fair market value of the items being sold to CVI is $61,711.00. Given the need to sell this equipment and the fact that the offer is approximately 81% of the valuation, the Debtor believes that the CVI-APA represents a fair and equitable offer.

[2] The furnishings being sold to KC are specifically listed in the KC-APA; no other equipment or furnishings are included in the proposed sale. The Tangible Asset Valuation dated December 2021 indicates that the then fair market value of the furnishings being sold to KC is $13,032.00, the amount of the offer. Given the need to sell these furnishing, the lack of a vibrant market for these types of items and the fact that the offer is 100% of the valuation, the Debtor believes that the KC-APA represents a fair and equitable offer even though the purchaser is

the CVI-APA and the KC-APA.

13. To the best of the Debtor's knowledge, the following creditors have liens[3] on the Property: Wells Fargo Bank- First lien in the amount of approximately $56,930.44; and the SBA- Second lien in the amount of approximately $160,910.96 for an EIDL loan.

14. The Debtor has received the offers for the furnishings and equipment as set forth above, which offers are subject to higher and better offers and subject to bankruptcy court approval.

15. Any parties desiring to make a higher and better offer must present the offer in writing to counsel for the Debtor on or prior to **June 3, 2022**.

16. Upon completion of the sale, the Debtor will provide the ultimate purchasers with an order approving the sale of the furnishings and equipment free and clear of liens and interests which liens and interests will attach to the proceeds of the sale.

17. The Debtor requests that the Court make a finding that the ultimate purchasers of the furnishings and equipment are "good faith purchasers" and subject to the protections of 11 U.S.C.§363(m). The Debtor believes that the sale is proposed in good faith and is for fair value. Moreover, the sale is expressly subject to higher and better offers.

18. The proceeds of the sale shall be held in trust in the Debtor's counsel's client trust account to be distributed in accordance with the provisions of a confirmed plan of

---

Christiansen's ex-wife.

[3] There are two other creditors that hold blanket liens on the Debtor's property, including the furnishings and equipment proposed to be sold to the Buyers. Those creditors are JP Morgan/Chase in the amount of $1,186,923.52 and the SBA in the amount of $756,058.72. These creditors, however, have liens on certain real property owned by Hammersmith Holdings, LLC, which has just received a cash offer for that real property in excess of the foregoing

reorganization in the Debtor's bankruptcy case.

## ARGUMENT

## 11 U.S.C. § 363 ALLOWS THE DEBTOR TO SELL THE PROPERTY FREE AND CLEAR OF LIENS AND INTERESTS.

The Bankruptcy Code provides that the debtor in possession, "after notice and a hearing, may use, sell or lease, other than in the ordinary course of business, property of the estate…." **11 U.S.C. § 363(b).** In relevant part, 11 U.S.C. § 363(f) provides that the debtor in possession may sell property of the estate "free and clear of any interest in such property of an entity other than the estate, only if—

(2) such entity consents;

(3) such interest is a lien and the price at which such property is to be sold is greater than the aggregate value of all the liens on such property …."

Although the Debtor has not yet received consents from the creditors with liens on the furnishings and equipment, the Debtor anticipates that the creditors with liens on the property will either affirmatively consent to the sale or will not object to the sale, thus satisfying the requirement of 11 U.S.C. § 363(f)(2).

As an alternative, because the two large creditors, JP Morgan/Chase and the SBA, will have their liens satisfied from the sale of the Hammersmith property and the Debtor has previously sold property that will satisfy Wells Fargo's lien in full, it will leave the sale proceeds from this property available to satisfy the value of the SBA's EIDL lien that should be allocated to the equipment and furnishings[4]. With the allocation of the value of the SBA's EIDL, the

---

liens. Hence, those liens will be satisfied from the sale of the Hammersmith property.
[4] This allocation is appropriate given that the SBA's EIDL loan is not all due and payable at this time and the Debtor believes that the balance of the SBA's EIDL loan will be satisfied from the use or sale of the Debtor's remaining

Debtor will meet the requirement of 11 U.S.C. § 363(f)(3).

The Debtor believes that accepting the Buyers' offers is in the best interest of the Debtor, the bankruptcy estate, and the creditors. Accordingly, the Debtor should be authorized to sell the furnishings and equipment set forth in the attached CVI-APA and the KC-APA in accordance with 11 U.S.C. § 363.

## NOTICE

The Debtor submits that the procedures for notice to interested parties satisfy the requirements of the Bankruptcy Code

Pursuant to Fed. R. Bankr. P. 2002, 6004 and 9014, the Debtors will give notice of this Motion by providing a copy of this Motion and a Notice of Hearing to: 1) all parties in interest on the mailing matrix maintained in the case; 2) Brian M. Rothschild, the Subchapter V Trustee in this case; 3) all parties that have requested notice in this case; and 4) the United States Trustee's Program.

Except as otherwise set forth herein, none of the types of disclosures required under L.B.R. 4001-2 are applicable to this Motion.

## CONCLUSION

WHEREFORE, the Debtor respectfully requests the Court grant the Debtor's Motion and grant the Debtor such other and further relief as the Courts deems just and proper.

DATED this 17th day of May 2022.

              **DIAZ & LARSEN**

              By: Andres Diaz_____
              Attorneys for the Debtor in Possession

---

assets.

# EXHIBIT A

## ASSET PURCHASE AGREEMENT

This Asset Purchase Agreement (the "Agreement") is made and entered into this 20th day of APRIL 2022, by and between Clear Vision Institute, ("Buyer") and Glaukom, LLC dba Clarus Vision Clinic, ("Seller").                    **RECITALS:**

WHEREAS, Seller operates a medical practice (the "Practice") at an office located at 6344 S. 900 E. Salt Lake City, UT 84121 (the "Office").

WHEREAS, Seller owns certain assets used in the Practice.

WHEREAS, Seller is currently in Chapter 11 reorganization, this agreement is subject to court approval and subject to higher and better offers.

WHEREAS, Buyer desires to purchase from Seller, and Seller desires to sell and transfer to Buyer, the Assets of the Practice, as defined below, subject to the terms and conditions hereof.

Seller, in exchange for consideration of $50,0000 hereby does grant to sell and transfer to Buyer the following equipment:

| Equipment Asset | Acq. Year |
|---|---|
| SLT Duet laser with Reliance 200 laser chair | 2009 |
| Reliance Stand | 2011 |
| Reliance pneumatic stool 4346-1 | 2014 |
| Reliance pneumatic stool 4346-2 | 2014 |
| Reliance Exam Chair 6200-L | 2014 |
| Reliance Exam Chair 6200-L | 2014 |
| Reliance Floor Unit w/ Wheelchair Mode 7800-IC | 2014 |
| Reliance 7800 IC Floor Unit | 2014 |
| Reliance 940 Chair Glide | 2014 |
| Air Lift Stool Model 2157 | 2014 |
| Reliance 7800 IC Lane Chair | 2014 |
| Ultra Q Reflex YAG | 2017 |
| Reichert Minus Cylinder Phoropter | 2019 |
| Reliance 7000L Chair | 2019 |
| LED BAT Handle and BAT | 2019 |

_____ Signature of Seller
Gregory Christiansen, MD

_____ Signature of Buyer
Bala Ambati, President Clear Vision Institute

# EXHIBIT B

## ASSET PURCHASE AGREEMENT

This Asset Purchase Agreement (the "Agreement") is made and entered into this 20th day of APRIL 2022, by and between Kathryn Christiansen ("Buyer") and Glaukom, LLC dba Clarus Vision Clinic, ("Seller").

**RECITALS:**

**WHEREAS,** Seller operates a medical practice (the "Practice") at an office located at 6344 S. 900 E. Salt Lake City, UT 84121 (the "Office").

**WHEREAS,** Seller owns certain assets used in the Practice.

**WHEREAS,** Seller is currently in Chapter 11 reorganization, this agreement is subject to court approval and subject to higher and better offers.

**WHEREAS,** Buyer desires to purchase from Seller, and Seller desires to sell and transfer to Buyer, the Assets of the Practice, as defined below, subject to the terms and conditions hereof.

Seller, in exchange for consideration of $13,032 hereby does grant to sell and transfer to Buyer the following equipment:

| Asset | $ |
|---|---|
| Wood revival desks – quantity five (w/file cab) | 1,706 |
| Stand up work station (3) work station (2) | 1,022 |
| Mangelson Art (4 photo's) | 2,014 |
| Aagard/Meyer Pantings (2) | 3,346 |
| Sonos/iphone speakers, JVC cam, Sony TV 49 | 1,025 |
| Imac Computer (2), lawn mower | 1,092 |
| Kitchen table w/chairs, leather sofa | 397 |
| Marketing Rm – stool, swivel chair | 403 |
| Copenhagen W. - Desk,lamp, chairs, ottoman | 1,659 |
| Square metal wood table | 368 |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |

_____ Signature of Seller
Gregory Christiansen, MD

_____ Signature of Buyer
Kathryn Christiansen