**This order is SIGNED.**

**Dated: July 19, 2022**




**JOEL T. MARKER**
**U.S. Bankruptcy Judge**

---

*Proposed and Submitted by:*
Andres Diaz (A4309)
Timothy J. Larsen (A10263)
**DIAZ & LARSEN**
757 East South Temple, Suite 201
Salt Lake City, UT 84102
Telephone: (801) 596-1661
Fax: (801) 359-6803
Email: courtmail@adexpresslaw.com
*Attorneys for the Debtor in Possession*

---

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| In Re: GLAUKOM, LLC.<br>    6344 South 900 East<br>    Salt Lake City, UT  84121<br><br><br><br><br>Debtor in Possession | Bankruptcy No. 21-24757<br>Chapter 11 (Subchapter V)<br><br>Brian M. Rothschild (Trustee)<br><br>FILED ELECTRONICALLY<br><br>Chief Judge Joel T. Marker |

FINDINGS OF FACT AND CONCLUSIONS OF LAW FOR HEARING HELD ON JULY 19, 2022, RELATED TO CONFIRMATION OF THE DEBTOR'S PLAN OF REORGANIZATION DATED MAY 4, 2022

The Debtor's Plan of Reorganization Dated May 4, 2022 (the "Plan") proposed by the Debtor and Debtor in Possession, Glaukom, LLC. (the "Debtor") came on for hearing on July 19, 2022.  All appearances were noted on the record.  The Court makes the following findings of fact and conclusions of law on the record, which findings are incorporated and supplemented herein.

THEREFORE, IT IS HEREBY FOUND AND DETERMINED THAT:

Findings of Fact and Conclusions of Law

1. <u>Exclusive Jurisdiction; Venue; Core Proceeding (28 U.S.C. §§ 157 (b)(2) and 1334(a))</u>. This Court has jurisdiction over the Bankruptcy Case pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. Confirmation of the Plan is a core proceeding under 28 U.S.C. § 157(b)(2), and this Court has exclusive jurisdiction to determine whether the Plan complies with the applicable provisions of the Bankruptcy Code and should be confirmed.

2. <u>Judicial Notice</u>. This Court takes judicial notice of the docket of the Bankruptcy Case maintained by the Bankruptcy Court, including, without limitation, all pleadings and other documents filed, all orders entered, and the transcripts of, and all minute entries on the docket indicating the evidence and arguments made, proffered or adduced, at the hearings held before the Court during the pendency of the Bankruptcy Case.

3. <u>Transmittal and Mailing of Materials; Notice</u>. All due, adequate, and sufficient notices of the Plan, and the Confirmation Hearing, along with all deadlines for voting on, or filing objections to, the Plan, have been given to all known holders of Claims and/or Equity Interests in accordance with the Bankruptcy Rules. The Plan, Ballots and Confirmation Notice were transmitted and served in substantial compliance with the Bankruptcy Rules, and such transmittal and service were adequate and sufficient. Adequate and sufficient notice of the Confirmation Hearing was given in compliance with the Bankruptcy Rules, and no other or further notice is or shall be required.

4.    Solicitation.  The solicitation of votes for acceptance or rejection of the Plan complied with Bankruptcy Code § 1126, Fed. R. Bankr. P. 3017 and 3018, all other applicable provisions of the Bankruptcy Code, and all other rules, laws, and regulations.

5.    Distribution.  All procedures used to distribute the solicitation materials to the applicable holders of Claims and Equity Interests, and to tabulate the Ballots were fair, and in accordance with the Bankruptcy Code, the Bankruptcy Rules, the local rules of the Bankruptcy Court, and all other rules, laws, and regulations and orders of this Court.

6.    Voting.  In accordance with the Report of Balloting for the Debtor's Plan of Reorganization Dated May 4, 2022, and the Summary of the Ballots attached thereto, all Claimants and Equity Interests voted in favor of the Plan or are deemed to have voted in favor of the Plan.

7.    Plan Complies with Bankruptcy Code (11 U.S.C. § 1129(a)(1)).  The Plan complies with the applicable provisions of the Bankruptcy Code, thereby satisfying Bankruptcy Code § 1129(a)(1).

　　i.    Proper Classification (11 U.S.C. §§ 1122, 1123 (a)(1)).  The Claims or Equity Interests placed in each Class are substantially similar to other Claims or Equity Interests in each such Class.  The Plan properly classifies Claims and Interests.  In addition to Administrative Expense Claims and Priority Claims, which are not classified under the Plan, the Plan designates four Classes of Claims and one Class of Equity Interests.  Article IV of the Plan provides for the separate classification of Claims and Interests into eight distinct Classes based on differences in their legal nature or priority.  Valid business, factual, and legal reasons exist for separately classifying the various Classes of Claims and Equity Interests created under the Plan, and such Classes do not unfairly discriminate between holders of Claims or Equity Interests.

　　ii.    Specify Unimpaired Classes (11 U.S.C. § 1123(a)(2)).  There is one

3

unimpaired Class of Claims under the Plan.

   iii. <u>Specify Treatment of Impaired Classes (11 U.S.C. § 1123(a)(3))</u>. Classes 1 through 6 (Secured Claims), Class 7 (Nonpriority Unsecured Claims), and Class 8 (Interests) are all designated as impaired under the Plan. Article IV of the Plan specifies the treatment of impaired Claims and Equity Interests.

   iv. <u>No Discrimination (11 U.S.C. § 1123(a)(4))</u>. The Plan provides for the same treatment for each Claim and Equity Interest in each respective Class unless the holder of a particular Claim or Equity Interest has agreed to less favorable treatment with respect to such Claim or Interest.

   v. <u>Implementation of Plan (11 U.S.C. § 1123(a)(5))</u>. The Plan provides adequate and proper means for implementation of the Plan through liquidation and distribution of the assets of the estate.

   vi. <u>Required Corporate Charter Provisions (11 U.S.C. § 1123(a)(6))</u>. The Plan provides for a single class of equity securities with the right to vote on the Plan. Therefore, the Plan does not prefer one class of equity security holders over any other class of equity security holders.

   vii. <u>Selection of Officers and Directors (11 U.S.C. § 1123(a)(7))</u>. The Plan provides that the current equity security holders shall retain their interests in the Reorganized Debtor in the same amount as in the Debtor. Hence, the Plan contains only provisions that are consistent with the interests of creditors and equity security holders and with public policy with respect to the manner of selection of the successor to the Debtor and management of the Debtor.

   viii. <u>Additional Plan Provisions (11 U.S.C. § 1123(b))</u>. The Plan's provisions are appropriate and consistent with the applicable provisions of the Bankruptcy Code, including provisions for (a) the assumption or rejection of all executory contracts and unexpired leases and

4

(b) the resolution of certain disputes between and among the Debtor and other parties in interest, if any.

   ix. <u>Plan Settlements (11 U.S.C § 1123(b)(3)(A)</u>.  In accordance with Bankruptcy Code § 1123(b)(3)(A) and Fed. R. Bankr. P. 9019, the Plan incorporates the terms of any settlements reached with any creditors and the Debtor.  In entering into any settlements, the Debtor considered the following: (i) the probability of success in the litigation against the settling parties; (ii) the difficulties to be encountered in collecting upon any affirmative claims under those actions; (iii) the complexity and likely duration of such litigation and the attendant expense, inconvenience and delay resulting from such litigation, and (iv) the paramount interest of its creditors including the inability to confirm and consummate a consensual plan of reorganization. The settlement of any disputes is well within the range of the Debtor's business judgment, and the Debtor has made a good-faith determination that the granting of the compromise, settlement, waiver and releases contained in the Plan is in the best interest of the Debtor, its creditors, and all parties in interest.

   x. <u>Fed. R. Bankr. P. 3016(a)</u>.  The Plan is dated and identifies the entity submitting it.

 8. <u>The Debtor Has Complied with Bankruptcy Code (11 U.S.C. § 1129(a)(2))</u>.  To the best of my knowledge the Debtor has complied with the applicable provisions of the Bankruptcy Code.

   i. The Debtor is a proper proponent of the Plan under Bankruptcy Code §§ 1121(c) and 1189(a).

   ii. The Debtor has complied with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, and other orders of the Court in transmitting the Plan and related documents and notices, and in soliciting and tabulating votes on the Plan.

9.        <u>Plan Proposed in Good Faith (11 U.S.C. § 1129(a)(3))</u>.  The Debtor proposed the Plan in good faith and not by any means forbidden by law.  The Debtor filed the proposed Plan with the legitimate and honest purposes of, among other things, reaching a fair, equitable, and expeditious resolution of the complex legal issues presented by this chapter 11 case.

10.        <u>Payments for Services or Costs and Expenses (11 U.S.C. § 1129(a)(4))</u>.  Any payment made or to be made under the Plan for services or for costs and expenses in or in connection with the Bankruptcy Case, including all fees and expenses incurred by professionals, the Trustee or in connection with the Plan and incident to the Bankruptcy Case, has been approved by, or is subject to the approval of, the Court as reasonable.

11.        <u>Directors, Officers, and Insiders (11 U.S.C. § 1129(a)(5))</u>.  The Debtor has disclosed the identity and affiliations of the successor to the Debtor under the Plan, and the management of that successor. Gregory A. Christiansen currently manages the Debtor and shall continue as manager of the Reorganized Debtor. Christiansen's continuance as manager of the Reorganized Debtor is consistent with the interests of creditors and equity security holders and with public policy.

12.        <u>No Rate Changes (11 U.S.C. § 1129(a)(6))</u>.  The Debtor is not subject to the jurisdiction of any governmental regulatory commission over rate changes.

13.        <u>Best Interests of Creditors Test (11 U.S.C. § 1129(a)(7))</u>.  Each Class of Claims that is impaired and entitled to vote under the Plan either voted to accept the Plan or shall receive as much as they would receive under Chapter 7 of the Bankruptcy Code.

14.        <u>Acceptance by Certain Classes (11 U.S.C. § 1129(a)(8))</u>.  Each Class of Claims has accepted the Plan.

15.        <u>Treatment of Administrative Expense Claims and Priority Tax Claims (11 U.S.C. § 1129(a)(9))</u>.  Except to the extent the holder of a particular Claim has agreed to a different

treatment of such Claim, the Plan provides that Administrative Expense Claims pursuant to Bankruptcy Code § 507(a)(1) and Priority Claims pursuant to Bankruptcy Code § 507(a)(2) through § 507(a)(8), shall be treated in accordance with the provisions of Bankruptcy Code § 1129(a)(9). The Debtor's counsel has agreed to be paid on or after the Effective Date of the Plan for services and costs incurred after the Petition Date.

16. <u>Acceptance by at Least One Impaired Class (11 U.S.C. § 1129(a)(10))</u>. All Classes of Claims have accepted or are deemed to have accepted the Plan and the affirmative acceptance of at least one of such accepting impaired Classes has been determined without including the votes of any Insiders.

17. <u>Feasibility (11 U.S.C. §§ 1129(a)(11) and 1191(c)(3))</u>. The Plan is a liquidating plan. The Debtor has presented credible and persuasive evidence that it will be able to make all payments required to be made under the Plan and will otherwise be able to satisfy all of its obligations under the Plan.

18. <u>Payment of Fees (11 U.S.C. § 1129(a)(12))</u>. Because no fees are payable under 28 U.S.C. § 1930, this provision does not apply.

19. <u>Continuation of Retiree Benefits (11 U.S.C. § 1129(a)(13))</u>. Because the Debtor has no obligation to provide retiree benefits, this provision does not apply.

20. <u>Fair and Equitable; No Unfair Discrimination (11 U.S.C. § 1191(b))</u>. All impaired Classes have accepted or have been deemed to have accepted the Plan. Therefore, this provision does not apply.

21. <u>No Other Plan (11 U.S.C. § 1129(c))</u>. No other Chapter 11 plan has been filed in connection with the Bankruptcy Case.

22. <u>Principal Purpose of Plan (11 U.S.C. § 1129(d))</u>. The principal purpose of the Plan is not the avoidance of taxes or the avoidance of the application of Section 5 of the

Securities Act of 1933 (15 U.S.C. § 77e).

23. <u>Tax documents (1129(a))</u>. All required tax documents have been filed with the Court. The Debtor has received an extension to file its 2021 tax returns, which shall be timely filed.

24. <u>Confirmation of a Consensual Plan (11 U.S.C. § 1191(a))</u>. The Debtor has met each of the requirements for confirmation of a consensual Plan under 11 U.S.C. § 1191(a).

---------------END OF DOCUMENT--------------

SERVICE LIST

Glaukom, LLC.
6344 South 900 East
Salt Lake City, UT 84121

| | |
|---|---|
| United States Trustee's Program | (via ECF) |
| Diaz & Larsen | (via ECF) |
| Brian M. Rothschild (Trustee) | (via ECF) |
| Carson Heninger | (via ECF) |
| Peter J. Kuhn | (via ECF) |
| Mark W Williams | (via ECF) |